WO                                                                                          MD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan E. Walker, | No.  CV 13-1835-PHX-GMS (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Pinal County Jail Sheriff, et al., | |
| Defendants. | |

Plaintiff Ryan E. Walker, who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  Plaintiff has also filed a Motion requesting an amended civil rights complaint form, writing materials, legal envelopes, and an order allowing access to a law library (Doc. 5).  The Court will dismiss the Complaint with leave to amend.

I.      **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.     Complaint**

In his three-count Complaint, Plaintiff alleges claims for denial of medical care, denial of access to the courts, and denial of basic necessities.  Plaintiff appears to sue the following Defendants[1]:  Pinal County Sheriff Paul Babeu; Pinal County Adult Detention Facility ("PCADF") and all PCADF Staff (although Plaintiff asserts this "do[es] not p[er]tain to all but is not limited to one"); Detention Officer K. Roderguz (sic); "Medical Staff/Provider" at PCADF; Detention Officer/Paralegal at PCADF; All Pinal County Correctional Health Services Healthcare Staff (although Plaintiff asserts this "do[es] not p[er]tain to all but is not limited to one"); and "Provider Health Care" "before the present provider of Health Care services but is not limited one (sic)."  Plaintiff seeks the following relief:  medical treatment and rehabilitation, and compensation for all present and future medical treatment, pain and suffering, stress, and treatment while grieving for his wife.

Although Plaintiff's facts are disjointed, he appears to allege the following in Count I:  Plaintiff was working in the kitchen of the PCADF when his feet slipped out from under him.  He fell back against a table and then to the floor.  He was not taken to medical for two hours and it was closed when he arrived.  Plaintiff saw a nurse who gave

---

[1] Plaintiff attached a second, handwritten page of Defendants but did not number each additional Defendant, and it is not clear whether Plaintiff has listed the same Defendant more than once using different appellations.

him 400 milligrams of ibuprofen.  Plaintiff returned to work the following day.  Three days later Plaintiff saw a medical office provider, who gave him ibuprofen for ten days. Plaintiff states that he had a three-inch by ten-inch bruise and after two months his skin was still discolored and he had a knot inside his skin.  Plaintiff requested an x-ray "and picture" but his request was denied.  He states that he likely had a cracked rib and "maybe a cracked coll[a]r bone too."  Plaintiff did not say when these events occurred but states that he has had problems from the fall "going on 6 month[s]" and is now having pinched nerve and shoulder problems.

Plaintiff also asserts that on August 25, 2013 he lost his wife and was taken to a hospital where he was given a half-hour to be with her and then "pull the plug."  When Plaintiff returned to the jail he asked to be put in lockdown so he could grieve.  He apparently put this request in writing and thanked the medical staff and staff at the jail. Plaintiff alleges that "they took it wrong," and stripped him naked and put him in a rubber room for four days.  Plaintiff asserts, "At no time did I say I want or was think[ing] of hurting myself."  Plaintiff alleges that after four days a mental health doctor released him and said "sorry for being held."

In Count II, Plaintiff alleges that a paralegal denied: "any and all assistance in preparing forms, including but not limited to this form"; "questions as to legal codes, procedures, proper information places, category"; "assistance in mailing forms and motions"; "a[c]quiring copies and notary serv[ic]es"; and "a[c]quiring names[,] tit[]les, address[e]s to courts."

In Count III, Plaintiff asserts that the water boiler supplying the jail failed on May 8, 2013 and was fixed on May 20, 2013.  He alleges that he did not have hot water for bathing, clothing or bedding and that the lack of hot water was unsanitary for eating and living conditions.

## IV.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of

state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Sheriff Babeu**

Plaintiff sues Pinal County Sheriff Babeu. While Babeu may be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff fails to allege any facts against Babeu. Plaintiff has not alleged facts to support that Babeu enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Plaintiff also has not alleged facts to support that Babeu directly violated his constitutional rights or that Babeu was aware that Plaintiff's rights were being violated but failed to act. For that reason, Plaintiff fails to state a claim against Babeu and he will be dismissed.

. . . .

. . . .

**B.    Pinal County Adult Detention Facility**

Plaintiff sues PCADF; however, PCADF is not a proper defendant.  Claims under § 1983 are directed at "bodies politic and corporate."  *Monell*, 436 U.S. at 688-89.  Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies.  *Id.* at 689-690.  In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County.  *See* Ariz. Rev. Stat. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101.  PCADF is simply an administrative creation of the sheriff to allow him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to § 1983.  *See, e.g., Petaway v. City of New Haven Police Dep't*, 541 F.Supp.2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361 (E.D. Pa. 2002).  Accordingly, PCADF will be dismissed from this action.

**C.    Unnamed or Fictitiously Identified Defendants**

Plaintiff purports to sue unspecified and unenumerated staff of PCADF and its healthcare provider without alleging how any particular unidentified defendant allegedly violated his federal constitutional or statutory rights.  The use of anonymous type appellations to identify defendants is generally disfavored.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Further, where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as

Defendant John Doe 1, John Doe 2, John Doe 3, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights. The plaintiff may thereafter use the discovery processes to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants. Accordingly, in any amended complaint, Plaintiff should set forth how each fictitiously named Defendant allegedly violated his rights. Plaintiff should also identify different fictitious Defendants by different fictitious names, e.g., John Doe 1, John Doe 2, etc.

### D.   Detention Officer K. Roderguz

Plaintiff sues Detention Officer K. Roderguz; however, Plaintiff fails to allege how Roderguz violated his constitutional rights, including when, where, and how. At no point in the Complaint does Plaintiff allege any conduct by Roderguz. Accordingly, Plaintiff fails to state a claim against Roderguz and he or she will be dismissed.

### E.   Pinal County Correctional Health Services

While Arizona places responsibility for operating county jails by law upon the sheriff, *see* Ariz. Rev. Stat. §§ 11-141(A)(5), 31-101, Pinal County is responsible for the provision of medical care to inmates. Pinal County Correctional Health Services is an administrative creation of the County and is not a "person" amenable to suit under § 1983. Accordingly, Pinal County Correctional Health Services will be dismissed.

### F.   Medical Staff/Provider

Plaintiff sues "Medical Staff/Provider"; however, it is not clear if "Medical Staff/Provider" denotes an unnamed individual, an unnamed group of defendants, or is another way of denoting Pinal County Correctional Health Services. Moreover, Plaintiff fails to allege how Medical Staff/Provider violated his constitutional rights, including when, where, and how. Accordingly, Plaintiff fails to state a claim against Medical Staff/Provider and that person(s) or entity will be dismissed.

### G.   Medical Care

Plaintiff designates Count I as a claim for the denial of constitutionally adequate

1  medical care.  Not every claim by a prisoner relating to inadequate medical treatment
2  states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical
3  claim, a plaintiff must show that the defendants acted with "deliberate indifference to
4  serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting
5  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious
6  medical need" by demonstrating that failure to treat the condition could result in further
7  significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's
8  response was deliberately indifferent.  *Id.* at 1096 (quotations omitted).

9      "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d
10  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
11  both know of and disregard an excessive risk to inmate health; "the official must both be
12  aware of facts from which the inference could be drawn that a substantial risk of serious
13  harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,
14  837 (1994).  Deliberate indifference in the medical context may be shown by a
15  purposeful act or failure to respond to a prisoner's pain or possible medical need and
16  harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may
17  also be shown when a prison official intentionally denies, delays, or interferes with
18  medical treatment or by the way prison doctors respond to the prisoner's medical needs.
19  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

20      Deliberate indifference is a higher standard than negligence or lack of ordinary
21  due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor
22  gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of
23  Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,
24  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
25  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion
26  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
27  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,
28  without more, is insufficient to state a claim against prison officials for deliberate

indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105, 439 F.3d at 1096 (quotations omitted).

In addition to failing to identify any individuals responsible for the acts in Count I, Plaintiff fails to allege facts to support that any Defendant was deliberately indifferent to a serious medical need.  Accordingly, Count I will be dismissed.

## H.   Access to Courts

Plaintiff alleges in Count II that he has been denied access to the courts.  The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court.  *Id*. at 354.  The right "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Id*. at 356.  Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action.  *Id*. at 351-53.  That is, as a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a non-frivolous claim that he wished to present.  *Id*. at 352-53.  A plaintiff "must identify a non-frivolous, arguable underlying claim," and this underlying claim "must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).

Plaintiff generally fails to allege specific facts regarding any alleged denial of access, including when and how he believes he was denied such access.  Moreover, Plaintiff fails to allege facts to support that he has been actually injured with respect to

any pending or prospective litigation.  Clearly, Plaintiff was able to file this action.  Nor has he identified a non-frivolous, arguable underlying claim.  For these reasons, Plaintiff fails to state a claim in Count II for denial of access to the court and it and Defendant Detention Officer/Paralegal will be dismissed.

## I.    Denial of Basic Necessities

Plaintiff alleges in Count III that he was denied basic necessities in the form of hot water to cleanse and sanitize his body, clothing and bedding, apparently from May 8 through May 20, 2013.  A claim for unconstitutional conditions of confinement arises under the Eighth Amendment's prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979).  To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834; *see Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. *Farmer*, 511 U.S. at 834.  Further, only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to violate the Eighth Amendment. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition.  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).  "The more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1287, 1259 (9th Cir. 1982).

A plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

health or safety.  *See Farmer*, 511 U.S. at 837.  In defining "deliberate indifference" in the prison context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.*  A plaintiff must also allege how he was injured by the alleged unconstitutional conditions.  *See, e.g., Lewis*, 518 U.S. at 349 (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm).

Plaintiff's claim fails for several reasons.  First, Plaintiff fails to allege facts to connect any named Defendant to the alleged violations or to support that any named Defendant acted with deliberate indifference to an excessive risk to Plaintiff's health posed by those conditions.  Plaintiff also fails to set forth facts to support that the alleged lack of hot water posed a substantial risk of harm to him.  Finally, Plaintiff fails to allege how he was injured by the alleged violation or that he was imminent danger of injury. For these reasons, Plaintiff fails to state a claim for denial of basic necessities, and Count II will be dismissed.

**V.    Motion**

In his Motion, Plaintiff requests (1) an amended civil rights complaint form, (2) writing materials, (3) legal envelopes, and (4) an order allowing access to a law library. Plaintiff states that he needs these items to conduct research and to prepare legal documents because county inmates do not get law library time, the paralegal will not provide independent research, and his requests for items 2, 3 and 4 have not been fulfilled.

Plaintiff's Motion is granted in part and denied in part.  The Court will grant Plaintiff's Motion insofar as the Clerk of Court will provide a civil rights complaint form along with this Order.  The Court will deny Plaintiff's other requests.  Plaintiff clearly has access to writing materials and was able to write and submit his Complaint in this action, and he does not allege that he has been unable to communicate with the Court. Also, as noted above, there is no actionable claim from denial of access to a law library if

there is no claim of prejudice to an existing or future legal action, that is, an actual injury. *See Lewis*, 518 U.S. at 351-53.  Plaintiff has not made a claim of actual injury.

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Plaintiff's Motion (Doc. 5) is **granted** in part and **denied** in part.  The Motion is granted insofar as this Order requires the Clerk of Court to provide Plaintiff with a court-approved form for filing a civil rights complaint by a prisoner.  The Motion is denied in all other respects.

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 21st day of October, 2013.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                                1

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                       U.S. District Court Clerk
U.S. Courthouse, Suite 130                 U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119           Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                                     )
                              Plaintiff,          )
                                                  )
             vs.                                  )     **CASE NO.** _____
                                                  )               (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)                         )
(2)_____, )
                                                  )     **CIVIL RIGHTS COMPLAINT**
(3)_____, )           **BY A PRISONER**
                                                  )
(4)_____, )     ☐ Original Complaint
                    Defendant(s).         )     ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )     ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
        (Position and Title)                        (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
        (Position and Title)                        (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
        (Position and Title)                        (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
        (Position and Title)                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?　　☐ Yes　　☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
  a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes   ☐ No
  b.    Did you submit a request for administrative relief on Count I?              ☐ Yes   ☐ No
  c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
  d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                              ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

**E.  REQUEST FOR RELIEF**

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.